UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1076 PA (FFMx) | Date | February 18, 2010 |
|---|---|---|---|
| Title | Jose Jiminez v. Sears, Roebuck & Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - NOTICE OF REMOVAL

Before the Court is a Notice of Removal filed by defendant Sears, Roebuck and Co. ("Defendant") on February 12, 2010. (Docket No. 1.) The Notice of Removal asserts that federal jurisdiction exists on the basis of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). As the party seeking to invoke this Court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citations omitted).

Under CAFA, the district courts have original jurisdiction over "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . ." 28 U.S.C. § 1332(d)(2). A class action under CAFA can be removed to federal court by following the procedures set forth in 28 U.S.C. § 1446. 28 U.S.C. § 1453(b). Section 1446(b) allows two windows of opportunity for a defendant to remove – once after the complaint is filed, and once more after the receipt of an "other paper":

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . .of a copy of the initial pleading . . . . If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1076 PA (FFMx) | Date | February 18, 2010 |
|---|---|---|---|
| Title | Jose Jiminez v. Sears, Roebuck & Co. | | |

pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

This action was originally filed as a class action by plaintiff Jose Jiminez ("Plaintiff") in Los Angeles County Superior Court on December 28, 2007. The Complaint alleges that Defendant has violated various provisions of the California Labor Code by failing to pay overtime wages, failing to provide meal and rest periods, and failing to furnish itemized wage statements. Both the original Complaint and the Third Amended Complaint, filed on January 13, 2010, state that "the aggregate claim is under the five million dollar ($5,000,000.00) threshold of the Class Action Fairness Act of 2005." (Compl. ¶ 24; Third Amended Compl. ¶ 31.) As such, this action is not removable based on the initial or amended pleadings.

Instead, Defendant claims that it first learned that this case was removable on January 27, 2010, when the parties participated in a mediation. According to the Notice of Removal, during the mediation Plaintiff stated that damages in this action exceed $10,000,000. Defendant has not specified whether Plaintiff's statement was oral or written; however, given that Defendant has not provided any such written statement among the fifty-nine exhibits attached to its Notice of Removal, it appears that Plaintiff's statement was oral. Settlement letters or other documents provided during mediation may form a basis for removal. See Babasa v. LensCrafters, Inc., 498 F.3d 972, 975 (9th Cir. 2007). However, district courts have generally held that oral statements are not an "other paper" which triggers removal under 42 U.S.C. § 1446(b). See, e.g., Mendoza v. OM Fin. Life Ins. Co., No. C 09-01211 JW, 2009 WL 1813964 at *5 (N.D. Cal. June 25, 2009); Smith v. Bally's Holiday, 843 F. Supp. 1451, 1455 (N.D. Ga. 1994). In fact, one of the cases cited by Defendant in support of its Notice of Removal confirms that oral statements made during mediation are no exception to this general rule. See Molina v. Lexmark Int'l, Inc., No. CV 08-04796 MMM (FMx), 2008 WL 4447678 at *17 (C.D. Cal. Sept. 30, 2008)(holding that oral settlement communications made through a mediator are insufficient to trigger removal).

As one district court has noted, the removal statute requires a writing since "[a]llowing oral communications . . . to establish the amount in controversy would present enormous proof problems, and potentially require an evidentiary hearing on every notice of removal and motion for remand." Thomas v. Ritter, No. 3:98CV530-H, 1999 WL 1940047 at *2 (W.D.N.C. Feb. 11, 1999). This is especially true in this case, where the Court has reason to doubt whether Plaintiff's oral statement accurately depicts the amount in controversy in this case. Defendant has attached to its Notice of Removal a mediation brief which reveals that the January 27, 2010 mediation concerned settlement of two separate class actions against Defendant – one pending in San Diego Superior Court, and this action. (Notice of Removal, Ex. 59.) It is unclear whether Plaintiff's alleged statement of the amount in controversy refers to damages sought in both actions, and absent any written record the Court is left to speculate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1076 PA (FFMx) | Date | February 18, 2010 |
|---|---|---|---|
| Title | Jose Jiminez v. Sears, Roebuck & Co. | | |

      Moreover, in cases "where the Plaintiff has pled an amount in controversy less than $5,000,000, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007).  In a similar case involving a class action against an employer, the Ninth Circuit held that the defendant had not proven to a legal certainty that the amount in controversy requirement was met because there was no concrete evidence of "the size of the class, the amount of unpaid wages owed . . ., and whether or not members of the class qualify for penalty wages." Id. at 1002.  Here, Defendant has also failed to provide such evidence, and it is unclear whether Plaintiff's oral statement during mediation referred to the amount in controversy in this action only.  Under these circumstances, Defendant has failed to prove with legal certainty that this Court has jurisdiction under CAFA.

      Defendant improperly removed this action based on an oral statement by Plaintiff.  Furthermore, neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations to show that CAFA's amount in controversy requirement is met.  For these reasons, Defendant has not met its burden to establish this Court's jurisdiction under CAFA.  See Harris, 425 F.3d at 694.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC383006, for lack of federal subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

                                                              Initials of Preparer     :